OPINION JUDGMENT ENTRY
{¶ 1} Dale Michael Kingrey appeals the sentence imposed by the Delaware County Court of Common Pleas. The appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} On October 7, 2003, appellant was indicted in the Delaware County Grand Jury on 174 counts, ranging from misdemeanors of the second degree to felonies of the second degree. Count one of the indictment alleged "During the period of January, 2003 to July, 2003, in a continuing course of conduct in Delaware County, Franklin County, Licking County, Champaign County, Union County, Pickaway County, Fairfield County, Coshocton County, Crawford County, Richland County, Knox County and Morrow County, while employed by, or associated with, any enterprise, did conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity, said conduct constituting a pattern of corrupt activity in violation of Sections 2923.32 (A)(1) and (B)(1) of the Ohio Revised Code and the peace and dignity of the State of Ohio." On December 19, 2003, pursuant to plea negotiations, appellant executed a written change of plea form to 27 counts of the indictment, to-wit:
 {¶ 3} Two counts of a theft of a motor vehicle in violation of R.C. 2913.02 (A)(1), felonies of the fourth degree; seven counts of breaking and entering, in violation of R.C. 2911.13
(B), felonies of the fifth degree; five counts of theft in violation of R.C. 2013.02 (A)(1), felonies of the fifth degree; one count of corrupt practices in violation of R.C. 2923.32
(A)(1), a felony of the second degree; five counts of safecracking in violation of R.C. 2911.31, felonies of the fourth degree; four counts of vandalism in violation of R.C. 2909.05
(B)(1)(b), felonies of the fifth degree; one count of tampering with a coin machine in violation of R.C. 2911.32, a felony of the fifth degree; one count of criminal damaging in violation of R.C.2909.06 (A)(1), a misdemeanor of the first degree; and one count of theft in violation of R.C. 2913.02 (A)(1), a misdemeanor of the first degree. The remaining counts of the indictment were dismissed.
 {¶ 4} In a Judgment Entry on Guilty Pleas, filed December 30, 2003, the trial court conducted extensive Rule 11 dialogue with the appellant. Pertinent to this appeal, the trial court informed appellant that it was in no way bound by any sentencing recommendations contained in a pre-sentence investigation report; and that the court "retained the right to exercise its discretion and thereby proceed with Judgment Imposition of Sentences, in a fashion deemed appropriate by the court." After the court accepted appellant's pleas of guilty, the trial court deferred sentencing and ordered a pre-sentence investigation report.
 {¶ 5} The trial court conducted a sentencing hearing on March 5, 2004. Also on that date appellant, through his attorney, filed a Sentencing Memorandum. In the Memorandum filed with the trial court, appellant noted that Robert Cornell, whom he characterized as the ring leader, received a nine year prison sentence, while Jason Martin, who was similarly situated to the appellant, had received a six year prison sentence. The memo further noted appellant's cooperation with the investigation of the offenses and the others involved in the crime spree, he further indicated the criminal activity was the result of his drug addiction. On February 27, 2004, the appellee filed a Sentencing Memorandum. The appellee also noted that the two co-defendants had already been sentenced had received nine and six year prison sentences respectfully. Appellee filed an amended Sentencing Memorandum on March 4, 2004.
 {¶ 6} The trial court sentenced appellant to aggregate term of twelve years in prison. This sentence was arrived at by a combination of consecutive and concurrent sentences, with a term of three years being the single longest term.
 {¶ 7} Appellant timely filed a notice of appeal and set forth the following sole assignment of error:
 {¶ 8} "I. The sentence of the trial court was contrary to law because it was inconsistent with similarly-convicted defendants."
 I. {¶ 9} In his sole assignment of error, appellant argues that the trial court failed to follow statutory provisions for imposition of consistent sentences. We disagree
 {¶ 10} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G)(2): "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion.
 {¶ 11} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 12} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 13} "(b) That the sentence is otherwise contrary to law." Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 14} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 15} R.C. 2929.11(B) reads as follows: "(B). A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 16} The court in State v. Ryan, Hamilton App. No. C020283, 2003-Ohio-1188, applied principles set forth in an article by Judge Burt Griffin and Professor Lewis Katz clarifying for appellate courts the basic principles for achieving the overriding purpose of felony sentencing as: (1) reasonableness, (2) proportionality, and (3) consistency. Id., citing Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 1, 12. See also, State v. Georgakopoulos, 8th Dist. No. 81934, 2003-Ohio-4341 at ¶ 18.
 {¶ 17} In applying those principles, the court, citing Griffin and Katz, stated that "[t]he Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C.2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences." Ryan, supra at ¶ 10, (internal citations omitted). Further, the analysis noted: "An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Absent such data, however, appellate courts can still compare similar cases for consistency in sentencing." Id. State v. Georgakopoulos, supra, at ¶ 19.
 {¶ 18} Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. State v. Gorgakopoulos, supra, at ¶ 23. The Ninth District Court of Appeals has stated: "[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of `consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. Consequently, Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was "inconsistent," that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C.2929.11, create consistency in sentencing. "State v. Quine,
Summit App. No. 20968, 2002-Ohio-6987at ¶ 12-13.
 {¶ 19} In State v. Hill (1994), 70 Ohio St.3d 23,635 N.E.2d 1248, the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence. Id. at 29, 635 N.E.2d at 1252. On appeal, he argued that the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant. Id. The Ohio Supreme Court observed: "[t]here is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh. However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. See, generally, Toledo v. Reasonover (1965),5 Ohio St.2d 22, 24, 34 O.O.2d 13, 14, 213 N.E.2d 179, 180-181. See, also, State v. Cassidy (1984), 21 Ohio App.3d 100, 102, 21 OBR 107, 108-109, 487 N.E.2d 322, 323; State v. Burge (1992),82 Ohio App.3d 244, 249, 611 N.E.2d 866, 869; and State v. Grigsby
(1992), 80 Ohio App.3d 291, 302, 609 N.E.2d 183, 190.
 {¶ 20} "In the case sub judice, the trial court followed the sentencing scheme set forth by the General Assembly and apparently elected the median imprisonment permitted for a fourth-degree felony. See R.C. 2929.11(D)(2). The sentence was within the statutory limits and, for this reason, we will not interfere with the trial court's exercise of discretion." Id.
 {¶ 21} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165., the Supreme Court held a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. The Supreme Court's opinion indicates its holding is not limited to cases like Comer, but rather, applies generally to all sentencing.
 {¶ 22} In the case at bar, appellant has not provided this court with a transcript of his sentencing hearing or the sentencing hearings of his co-defendants.
 {¶ 23} Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506; Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237,1238-1239. This principle is recognized in App. R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support.Wozniak, 90 Ohio App.3d at 409, 629 N.E.2d at 506; In reAdoption of Foster (1985), 22 Ohio App.3d 129, 131,489 N.E.2d 1070, 1072-1073.
 {¶ 24} Alternatively, we also note that we do not know the specific contents of the pre-sentence investigation report or any of the victim impact statements as appellant did not make them a part of the record. In State v. Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:
 {¶ 25} "Appellate review contemplates that the entire record be presented.
 {¶ 26} App. R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.
 {¶ 27} "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or `contrary to law." Id. at 7.
 {¶ 28} Appellant cites no precedent, or any other authority, for reversal of an otherwise valid sentence on the basis that more culpable co-defendants were not punished more severely. There is no requirement that co-defendant's receive equal sentences. State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417 at ¶ 21; United State v. Frye (6th Cir., 1987), 831 F.2d 664, 667. Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes. State v. Aguirre,
4th Dist. No. 03CA5, 2003-Ohio-4909 at ¶ 50. In this case, there is nothing in the record to show that the difference in appellant's sentence from those of similar offenders was the result of anything other than the individualized factors that were applied to appellant. State v. Beasley, 8th Dist. No. 82884, 2004-Ohio-988 at ¶ 23.
 {¶ 29} We reach the same conclusion, in the case sub judice, because appellant failed to include in the record the transcripts of the sentencing hearings, the pre-sentence investigation reports and the victim impact statements.
 {¶ 30} Appellant has not argued and the record before us, such as it is, does not show that the trial court failed to comply with the consistency principles set forth in R.C. 2929.11, R.C. 2929.12, R.C. 2929.13, or R.C. 2929.14. We conclude that the trial court did not commit error when it sentenced Appellant to a term of imprisonment that differed from his co-defendants.
 {¶ 31} Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.