OPINION
{¶ 1} Appellant Derek Woods appeals his conviction and sentence for aggravated robbery in the Richland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 14, 2003, employees of a Kroger's Grocery Store in Mansfield, Ohio, became suspicious of a customer, wearing a Cleveland Browns leather jacket, who was proceeding out of the store with a cart full of both bagged and unbagged items. One of the employees observed that the unbagged items lacked the store's orange "paid" stickers. Three employees followed the man into the parking lot and asked repeatedly to see his receipt. The man refused and quickly loaded his car, a tan Ford Taurus, with the groceries from the cart. He then pulled out of his space, striking one of the employees, who was trying to ascertain the license plate number. The employee, Tammy Risinger, was flung onto the hood of the Taurus, and held on for a time as the Taurus sped through the parking lot. She finally fell off, striking the pavement with her face and knees.
 {¶ 3} Several days later, sheriff deputies arrested appellant driving a tan Taurus, which Tammy and another of the female employees later identified as the car involved in the events of November 14th. An employee of the Kroger's meat department, who, just prior to the robbery, had waited on a male customer who requested certain seafood, identified appellant from a police photo array as that individual. Police later observed the same type of seafood in appellant's refrigerator upon the execution of a search warrant. In addition, time-stamped meat labels on the items, after being adjusted for an error in the printer clock, placed appellant in the store at the time of the robbery.
 {¶ 4} On March 1, 2004, the Richland County Grand Jury indicted appellant on one count of aggravated robbery, a first-degree felony. The case proceeded to a jury trial on April 11, 2005. At the conclusion of the trial, the jury found appellant guilty as charged. On May 2, 2005, following a hearing, the court sentenced appellant to a term of six years in prison.
 {¶ 5} On May 30, 2005, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT FAILED TO GIVE PROPER CONSIDERATION TO THE SENTENCING FACTORS SET FORTH IN R.C. 2929.12 AND R.C.2929.14, AND THE TRIAL COURT FAILED TO MAKE THE NECESSARY STATUTORY FINDINGS AS REQUIRED BY R.C. 2929.14 BEFORE IMPOSING SENTENCE.
 {¶ 7} "II. THE TRIAL JUDGE EXHIBITED IMPROPER BIAS AND FAVORITISM TOWARD THE STATE'S POSITION AND WITNESSES BY MAKING INAPPROPRIATE COMMENTS FROM THE BENCH AND DISQUALIFYING A JUROR FOR CAUSE APPARENTLY BASED ON THE POTENTIAL JUROR'S RACE."
I.
 {¶ 8} In his First Assignment of Error, appellant argues the trial court failed to comply with R.C. 2929.12 and R.C. 2929.14
in imposing his felony sentence. We disagree.
 Standard of Review {¶ 9} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence is set forth in R.C. 2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 10} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 11} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 12} "(a) The sentence was imposed for only one offense.
 {¶ 13} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 14} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 15} "(3) The person was convicted of or pleaded guilty to a violent sex offense or a designated homicide, assault or kidnapping offense, was adjudicated a sexually violent predator in relation to that offense, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. * * *.
 {¶ 16} "(4) The sentence is contrary to law.
 {¶ 17} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 18} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 R.C. 2929.12 Analysis {¶ 19} R.C. 2929.12(A) mandates that a sentencing court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." However, R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors.State v. Gopp, 154 Ohio App.3d 385, 390, 2003-Ohio-4908, citingState v. Arnett (2000), 88 Ohio St.3d 208, 215. Accord Statev. Hall (Feb. 28, 2000), Stark App. No. 1999CA00264: ("In analyzing the factors under R.C. 2929.12, the trial court was not required to give its reasons for making its findings because R.C.2929.13(B)(2)(a) does not explicitly state that the trial court must give its reasons. It merely requires the trial court to consider the factors in R.C. 2929.12.")
 {¶ 20} In the case sub judice, the trial court stated in its sentencing entry that it had considered "the seriousness and recidivism factors in R.C. 2929.12." Judgment Entry, May 18, 2005, at 1. Accordingly, we find no reversible error in this regard.
 R.C. 2929.14 Analysis {¶ 21} In the case sub judice, appellant was given neither a consecutive nor maximum sentence. See, respectively, R.C.2929.14(E)(4) and R.C. 2929.14(C). However, his six-year sentence on a first-degree felony qualifies as a "more than the minimum" sentence. R.C. 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 22} The Ohio Supreme Court, in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, found the following provisions of Ohio's sentencing statute unconstitutional because they required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea: more than the maximum prison term [R.C. 2929.14(B), 2929.19(B)(2) and R.C. 2929.41]; the maximum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C.2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under a Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)] and repeat violent offender [R.C.2929.14(D)(2)(a)] are constitutional. Id.
 {¶ 23} To remedy Ohio's felony sentencing statutes, the Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 24} Accordingly, because appellant's "more than the minimum" sentence is based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 25} Appellant's First Assignment of Error is sustained in part.
 II. {¶ 26} In his Second Assignment of Error, appellant contends the trial judge exhibited bias against him by making certain comments from the bench and dismissing one of the potential jurors for cause. We disagree.
 {¶ 27} In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. See, e.g., State v. DeMastry, 155 Ohio App.3d 110, 125,799 N.E.2d 229, 2003-Ohio-5588, citing Jones v. Billingham (1995),105 Ohio App.3d 8, 11, 663 N.E.2d 657. Common pleas litigants must challenge a trial judge's objectivity by using the procedure set forth in R.C. 2701.03. See In re Baby Boy Eddy (Dec. 6, 1999), Fairfield App. No. 99 CA22, 2000 WL 1410. However, an appellate court may determine whether a trial court's comments were prejudicial by considering five factors: "(1) The burden of proof is placed on the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect on the jury, and (5) to their possible impairment of the effectiveness of counsel."State v. Lowe, Cuyahoga App. No. 82997, 2005-Ohio-5986, citingState v. Wade (1978), 53 Ohio St.2d 182, 188, 373 N.E.2d 1244, vacated in part, Wade v. Ohio (1978), 438 U.S. 911,98 S.Ct. 3138, 57 L.Ed.2d 1157.
 {¶ 28} The challenged comments, made by the trial judge at the commencement of voir dire, are found in the following statement to the jury:
 {¶ 29} "THE COURT: Take a look at the Defendant. He's an African American male and most of you are not. We ask you to bring into the courtroom common sense, education, all the things, experiences you've had, and leave outside the courtroom sympathy and prejudice. Leave it outside the courtroom. It has no place in the courtroom. Nobody is going to play the race card in this courtroom and escape. That's a ridiculous and stupid idea, because it's not part of the case.
 {¶ 30} "I've already read to you the indictment. It says nothing in there about race, nothing. This case is not about race. It's about whether or not the person committed a crime. Now, can all of you leave that idea that you might have brought with you, prejudice, sympathy, whatever, outside the courtroom and decide this case on the evidence and the law? Give me some kind of sign if you can handle the case on the evidence and the law and nothing else." Tr. at 34-35.
 {¶ 31} The record nonetheless does not indicate that appellant objected to the above comments. An appellant's failure to object to such an alleged error constitutes a waiver and the preclusion of its consideration upon appeal, because absent an objection, the trial judge is denied an opportunity to give corrective instructions as to the error. Wade, supra, at 188, citing State v. Williams (1974), 39 Ohio St.2d 20 (additional citations excluded).
 {¶ 32} Under Crim.R. 52(B), "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error occurs when, but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91,96-97, 372 N.E.2d 804. Upon review of the judge's comments in light of the evidence presented to the jury in this matter, we are unpersuaded that the outcome of the trial clearly would have gone the other way but for the alleged error.
 {¶ 33} Appellant secondly contends the trial court erred in disqualifying potential juror James Jackson for cause. The dismissal of a juror for cause rests in the sound discretion of the trial court. Crim.R. 24(B); Berk v. Matthews (1990),53 Ohio St.3d 161, 559 N.E.2d 1301. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. The colloquy with Mr. Jackson, held outside the hearing of the rest of the jury, is as follows:
 {¶ 34} "THE COURT: Good morning, sir.
 {¶ 35} "MR. JACKSON: How you doing?
 {¶ 36} "THE COURT: I'm good. At this question, we asked have you or a member of your family ever been the victim of — been in a criminal case.
 {¶ 37} "MR. JACKSON: That don't have nothing to do with me or my judgment.
 {¶ 38} "THE COURT: That (sic) why we're asking. What was that about?
 {¶ 39} "MR. JACKSON: I don't — I can't tell you about that, because that wasn't me. I mean, I don't know. I've got family members that's been, you know, convicted, but it has nothing to do with me.
 {¶ 40} "THE COURT: The question is, have you or any family member ever been a Defendant in a —
 {¶ 41} "MR. JACKSON: I said my family members, not me.
 {¶ 42} "THE COURT: Now we need to find out who you're talking about and what the charges were.
 {¶ 43} "MR. JACKSON: I don't know. I don't know what you (sic) looking for.
 {¶ 44} "THE COURT: We're looking for some reason why you might be swayed one way or the other.
 {¶ 45} "MR. JACKSON: Well, you know, can I say something?
 {¶ 46} "THE COURT: Sure.
 {¶ 47} "MR. JACKSON: For you to single me out —
 {¶ 48} "THE COURT: I didn't single you out.
 {¶ 49} "MR. JACKSON: Yes, you did. I didn't move or say any other question, but stayed in the same manner.
 {¶ 50} "THE COURT: Sir, I asked — I said this issue I have to have some response from every juror, and everybody but you shook their head yes.
 {¶ 51} "MR. JACKSON: I didn't shake my head on any other question.
 {¶ 52} "THE COURT: I didn't ask for a response on any other question.
 {¶ 53} "MR. JACKSON: Or any other response.
 {¶ 54} "[DEFENSE COUNSEL] MR. BROWN: Can I ask you a question, sir? These criminal — was it here locally in Richland County?
 {¶ 55} "MR. JACKSON: Yeah.
 {¶ 56} "MR. BROWN: Do you remember what kind of case?
 {¶ 57} "MR. JACKSON: No.
 {¶ 58} "MR. BROWN: Did you have an opinion one way or the other —
 {¶ 59} "MR. JACKSON: No.
 {¶ 60} "MR. BROWN: Let me finish. Do you have an opinion one way or the other about —
 {¶ 61} "THE COURT: Oh boy.
 {¶ 62} "MR. JACKSON: You're making it hard. Go on.
 {¶ 63} "MR. BROWN: Do you have an opinion one way or the other if your family members were treated fairly in the process?
 {¶ 64} "MR. JACKSON: I don't have no problem, period. I don't have no problem with this case or any other case.
 {¶ 65} "MR. BROWN: You could listen to all the evidence with an open mind?
 {¶ 66} "MR. JACKSON: I don't have no problem with any other case. I don't know this man. I ain't never heard nothing about this case. I don't have no problem. I really don't.
 {¶ 67} "[PROSECUTOR] MR. STUDENMUND: Let me ask a question. We need to ask you some questions about —
 {¶ 68} "MR. JACKSON: I can't give you no answer on that. I told you I don't have no answer, I don't have no answer.
 {¶ 69} "MR. STUDENMUND: Judge, I'm going to move to dismiss him for cause. He's not responding to the questions.
 {¶ 70} "MR. JACKSON: How can you — are you calling me a liar?
 {¶ 71} "MR. BROWN: If he doesn't have any information, he can't answer it.
 {¶ 72} "MR. JACKSON: You can dismiss me. I don't want to be a part of it. You was unfair and him.
 {¶ 73} "THE COURT: I was what?
 {¶ 74} "MR. JACKSON: You were.
 {¶ 75} "THE COURT: What?
 {¶ 76} MR. JACKSON: Yeah, you were.
 {¶ 77} "THE COURT: What?
 {¶ 78} "MR. JACKSON: I said you were.
 {¶ 79} "THE COURT: What?
 {¶ 80} "MR. JACKSON: I didn't like the way you handled — you know, when you was talking about race. Why (sic) you single me out?
 {¶ 81} "THE COURT: I didn't single you out in any way.
 {¶ 82} "MR. JACKSON: You called my name. I'm fine with it.
 {¶ 83} "THE COURT: You're excused. He said he didn't want to serve, didn't want any part of it.
 {¶ 84} "MR. JACKSON: I didn't tell you that. You asked me all these questions. You double guess me. I told him I don't want —
 {¶ 85} "THE COURT: We do have to ask you all these questions.
 {¶ 86} "Bill, he's excused.
 {¶ 87} "MR. BROWN: I'm going to object to his being excused.
 {¶ 88} "THE COURT: The man says I don't want any part of this, and he's got a chip on his shoulder bigger than himself.
 {¶ 89} "MR. BROWN: He didn't say that. I didn't hear that.
 {¶ 90} "THE COURT: Yes, he did. He said, I don't want any part of this. He's refused to answer questions. He cannot be on the jury.
 {¶ 91} "MR. JACKSON: That's fine." Tr. at 45-50.
 {¶ 92} Upon review, we find the record sufficiently reveals a lack of cooperation with the jury selection process by Mr. Jackson such that his dismissal from the venire for cause would not have constituted an abuse of discretion.
 {¶ 93} We therefore find no reversible error based on the comments and actions by the trial judge during voir dire. Appellant's Second Assignment of Error is overruled.
 {¶ 94} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to appellant.