OPINION
{¶ 1} Defendant-appellant Danny Rutter appeals his sentence from the Muskingum County Court of Common Pleas on one count of Robbery in violation of R.C. 2911.02(A) (2), a felony of the second degree. Plaintiff-appellee is the State of Ohio. We note that appellant is not contesting his sentence for one count of Theft in violation of R.C. 2913.02(A) (1), a misdemeanor of the first degree.
 STATEMENT OF FACTS {¶ 2} On December 3, 2005, appellant walked into a Kroger's grocery store on Maple Avenue, Zanesville, Ohio. While in the store, Loss Prevention Agent, Lori Cain, became suspicious of the appellant's actions. After seeing the appellant pick up three packages of meat from the meat department on video camera, Ms. Cain watched as he walked to an area of the store that was unable to be viewed by video camera. Ms. Cain continued to observe the appellant and saw him walk from the "blind" area of the store to one of visibility. Once he was visible, Ms. Cain did not see him carrying the items that he had previously picked up. The appellant made his way out the front door and into the parking lot where Ms. Cain rushed to confront him about the missing items. During this confrontation the appellant became hostile and hit Ms. Cain in the face with his right hand. The appellant tried to run, but Ms. Cain was able to grab his jacket, from which three packages of meat fell to the ground. After a brief struggle where the appellant again swung his fist at Ms. Cain, Jed LaRoche and Jerid Lacy, both employees of Kroger's, subdued the appellant until the police could take him into custody.
 {¶ 3} Upon being arrested, the appellant admitted to stealing three steaks from Kroger's which he intended to sell in order to buy crack cocaine. Appellant further admitted that he had smoked crack cocaine behind the store prior to committing the offenses. The appellant denied striking Ms. Cain.
 {¶ 4} Appellant was arraigned on December 14, 2005, on charges of Robbery, a felony of the second degree, and Theft of less than $500, a misdemeanor of the first degree. On February 14, 2006, a jury found appellant guilty to both charges.
 {¶ 5} On March 27, 2006, the trial court conducted a sentencing hearing. The court heard testimony from pre-sentence investigator Doug Pollock. Mr. Pollock testified to the fact that the appellant had 82 misdemeanor convictions spanning three counties, served 750 days in the county jail, had previously violated probation, and continued to deny the apparent harm caused to the Kroger's Loss Prevention Agent. Mr. Pollock also testified that the Appellant was stealing for the purpose of obtaining drugs and that he had prior felony offenses which had been pled down to misdemeanors. After hearing Mr. Pollock's testimony, the trial court ordered the appellant serve eight years in prison for the Robbery conviction and six months of local incarceration for the Theft of less than $500 conviction. The trial court ordered the sentences be served concurrently.
 {¶ 6} Appellant timely appeals from his sentence raising the following assignment of error for our consideration:
 {¶ 7} "I. THE SENTENCE IMPOSED UPON THE DEFENDANT-APPELLANT WAS CONTRARY TO LAW."
 I. {¶ 8} In his sole assignment of error, appellant maintains that his sentence is contrary to law. Specifically, appellant argues that because he did not cause serious physical harm to the victim, his conduct is less serious than conduct normally constituting the offense. Therefore, appellant reasons, the trial court's imposition of the maximum sentence is contrary to law. We disagree.
 {¶ 9} In the case at bar, appellant was convicted of Robbery in violation of R.C. 2911.02(A) (2), a felony of the second degree.
 {¶ 10} For a violation of a felony of the second degree the court must impose a definite prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A) (2). Appellant was sentenced to the maximum eight years which is within the statutory sentencing range for his offense.
 {¶ 11} In general, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856; State v. Mathis, 109 Ohio St.3d 54,846 N.E.2d 1, 2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See Mathis, at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37. Thus, post-Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. State v. Delong, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8.
 {¶ 12} Appellant was convicted of a felony of the second degree. Therefore, R.C. 2929.13(D) applies to the case at bar, and provides:
 {¶ 13} "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729, of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary inorder to comply with the purposes and principles of sentencingunder section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 14} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 15} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense." (Emphasis added).
 {¶ 16} Thus, in order for a trial court to overcome the presumption of imprisonment and impose a community control sanction for a felony of the second degree the trial court would be required to find that such a sanction would adequately punish the offender, that the offender is less likely to re-offend, and that such a sanction would not demean the seriousness of the offense, because the offender's conduct was less serious than conduct normally constituting the offense.
 {¶ 17} Pursuant to the express language of R.C. 2929.13(D), the court need not make any findings of fact concerning the purposes and principles of sentencing under section 2929.11 of the Revised Code when sentencing an offender for a felony of the second degree because the legislature has determined that a prison term is necessary to comply with the purposes and principles of sentencing. The statute requires findings of fact only when the trial court overcomes the presumption of imprisonment and sentences the offender to community control sanctions. See, State v. Mathis, 109 Ohio St.3d 54,846 N.E.2d 1, 2006-Ohio-855 at ¶ 27. ("Judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C. 2929.13(D) or when a court grants a judicial release. See R.C. 2929.20(H)").
 {¶ 18} There is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. State v. Polick (1995), 101 Ohio App.3d 428, 431; Statev. Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60
(nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v. Cyrus (1992), 63 Ohio St.3d 164,166; State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not required to address each R.C.2929.12 factor individually and make a finding as to whether it was applicable in this case), State v. Woods, 5th Dist. No. 05 CA 46, 2006-Ohio-1342 at ¶ 19 (". . . R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).
 {¶ 19} We note that the trial court stated in its judgment entry that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. This statement further supports the conclusion that the trial court considered the requisite statutory factors prior to sentencing appellant. See State v. Woods, supra at ¶ 20 (statement in sentencing entry that court had considered the seriousness and recidivism factors in R.C. 2929.12 was sufficient evidence that it had);State v. Carter, Portage App. No. 2003-P-0007, 2004-Ohio-1181, at ¶ 46 (the court's consideration of R.C. 2929.12 can be derived from the record of the sentencing hearing and/or the judgment entry imposing sentence); State v. Gomez (May 23, 2000), Mahoning App. No. 99 C.A. 10 (statement in judgment entry that court considered R.C. 2929.11 and 2929.12 supports conclusion that it considered the statutory factors); State v. Brooks
(Aug. 18, 1998), Franklin App. No. 97APA11-1543 (trial court's indication in the record that the statutory factors had been weighed is sufficient for purposes of R.C. 2929.11 and 2929.12). Therefore, we find the trial court's citation to R.C. 2929.12 in the judgment entry supports the conclusion that it properly considered the factors contained in that statute in sentencing appellant on the robbery conviction.
 {¶ 20} Both at the sentencing hearing and in the sentencing entry, the trial court referred to appellant's past which includes 82 prior misdemeanor convictions in 3 counties as well as previous probation violations. [R.C. 2929.12(D) (2)]. The court also reasoned that in the present case appellant had fought with a security guard, was combative, and caused physical harm. [See, R.C. 2929.12(C) (3)]. The appellant continued to deny that he had caused any harm in spite of the testimony of three eyewitnesses. Appellant committed the crime while smoking crack cocaine, and admitted that he has a drug problem. [R.C.2929.12(D) (4)]. Although he did not contest the fact that he had stolen the merchandise, appellant showed no remorse for striking the security guard or committing the crime. [R.C. 2929.12(D) (5)].
 {¶ 21} Appellant's argument that because he did not cause serious physical harm to the security guard the sentence is disproportionate to the seriousness of his crime is not persuasive. That the victim suffered serious physical harm is only one factor for the court to consider in determining the length of sentence. Further in considering whether the offender's conduct is less serious than conduct normally constituting the offense, R.C. 2929.12(C)(3) directs the court to consider whether "[i]n committing the offense, the offender did not cause or expect to cause physical harm to any person or property". (Emphasis added). Accordingly, a finding that the offender caused "physical harm" tends to mitigate against finding the offender's conduct is less serious than conduct normally constituting the offense.
 {¶ 22} In State v. Kingrey, Delaware App. 04CAA04029,2004-Ohio-4605, this Court analyzed the proportionality and consistency arguments concerning Ohio's sentencing statutes:
 {¶ 23} "When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F) (1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: `to protect the public from future crime by the offender' and `to punish the offender.'
 {¶ 24} "R.C. 2929.11(B) reads as follows: `(B). A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'
 {¶ 25} "The court in State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, applied principles set forth in an article by Judge Burt Griffin and Professor Lewis Katz clarifying for appellate courts the basic principles for achieving the overriding purpose of felony sentencing as: (1) reasonableness, (2) proportionality, and (3) consistency. Id., citing Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 1, 12. See also, State v. Georgakopoulos, 8th Dist. No. 81934, 2003-Ohio-4341 at ¶ 18.
 {¶ 26} "In applying those principles, the court, citing Griffin and Katz, stated that `[t]he Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C.2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.' Ryan, supra at ¶ 10, (internal citations omitted). Further, the analysis noted: `An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Absent such data, however, appellate courts can still compare similar cases for consistency in sentencing.' Id. State v. Georgakopoulos, supra, at ¶ 19.
 {¶ 27} "Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. State v. Gorgakopoulos, supra, at ¶ 23. The Ninth District Court of Appeals has stated: `[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. Consequently, Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was "inconsistent," that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C.2929.11, create consistency in sentencing.' State v. Quine,
Summit App. No. 20968, 2002-Ohio-6987 at ¶ 12-13.
 {¶ 28} "In State v. Hill (1994), 70 Ohio St.3d 23,635 N.E.2d 1248, the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence.Id. at 29, 635 N.E.2d at 1252. On appeal, he argued that the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant. Id. The Ohio Supreme Court observed: `[t]here is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh. However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. See, generally, Toledo v.Reasonover (1965), 5 Ohio St.2d 22, 24, 34 O.O.2d 13, 14,213 N.E.2d 179, 180-181. See, also, State v. Cassidy (1984),21 Ohio App.3d 100, 102, 21 OBR 107, 108-109, 487 N.E.2d 322, 323;State v. Burge (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866,869; and State v. Grigsby (1992), 80 Ohio App.3d 291, 302,609 N.E.2d 183, 190.
 {¶ 29} "`In the case sub judice, the trial court followed the sentencing scheme set forth by the General Assembly and apparently elected the median imprisonment permitted for a fourth-degree felony. See R.C. 2929.11(D) (2). The sentence was within the statutory limits and, for this reason, we will not interfere with the trial court's exercise of discretion.' Id."State v. Kingrey, supra.
 {¶ 30} Our review of the record herein does not demonstrate the trial court failed to consider the seriousness and recidivism factors of R.C. 2929.12 in sentencing appellant. The trial court considered the trial court record, any victim impact statements and the pre-sentence investigation report. The sentence imposed by the trial court is within the statutory range for the offense. Appellant has not demonstrated his sentence is grossly disproportionate. Thus, appellant's sentence is not contrary to law.
 {¶ 31} Although the sentence may appear harsh, we do not find that the sentence was so unusual as to be considered outside the mainstream of local judicial practice.
 {¶ 32} Appellant's sole assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.