OPINION *Page 2 
{¶ 1} Appellant David W. Herman appeals from his consecutive sentences on two counts of sexual battery and one count of gross sexual imposition in the Licking County Court of Common Pleas. Appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 22, 2005, the victim, a 16-year-old female, was visiting at her mother's residence. The victim's mother resides with the victim's maternal grandmother and the appellant who is the victim's maternal step-grandfather. On the evening of the 22nd, the victim's mother left for work and the victim fell asleep in a bedroom in the residence.
 {¶ 3} The victim awoke to find appellant undressing her and inserting his penis in her vagina. Appellant engaged in other sexual acts, all against the will of, and without the consent of, the victim. Appellant may have been under the influence of alcohol at the time of the offense.
 {¶ 4} Appellant is 46 years old. He did not graduate from high school. He is a diabetic and is on numerous medications for acid reflux, his diabetes, anger management, and depression. Appellant also has an artificial right leg. At the time of his incarceration in Licking County for this offense, he was under the care of a psychiatrist.
 {¶ 5} Although he had a prior aggravating menacing case, he successfully completed probation on that offense and has no prior felony record. He has been able to maintain steady employment as an adult.
 {¶ 6} On February 6, 2007, appellant entered guilty pleas to the two counts of sexual battery and to the gross sexual imposition charge. The state dismissed two *Page 3 
counts of rape, and one count of sexual imposition in exchange for appellant's plea of guilty. The court accepted appellant's guilty pleas.
 {¶ 7} The court sentenced appellant to 3 years each on the sexual battery counts and 1 year on the gross sexual imposition count, with the sentences to run consecutively, for an aggregate sentence of four (4) years. The trial court overruled appellant's objection to the imposition of consecutive sentences. The trial court further ordered appellant to register as a sexually oriented offender.
 {¶ 8} Appellant timely appeals raising as his sole assignment of error:
 {¶ 9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT DAVID W. HERMAN."
 I. {¶ 10} In his assignment of error appellant maintains that the imposition of consecutive sentences was an abuse of discretion "where the record fails to disclose that the harm caused was particularly `great' or `unusual' that a single prison term would be inadequate and fails to demonstrate that the trial court gave adequate mitigating weight to [appellant's] admission of guilty and remorse." [Appellant's Brief at 1]. We disagree.
 {¶ 11} At the outset we note, there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S. Ct. 913. 917; State v. Smith (1997),80 Ohio St. 3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, 5th Dist No. 2006-CA-41, 2006-Ohio-5823. An individual has no substantive right to a *Page 4 
particular sentence within the range authorized by statute. Gardner v.Florida (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205.
 {¶ 12} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. SeeState v. Foster, 109 Ohio St. 3d 1, 845 N.E.2d 470, 2006-Ohio-856;State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See Mathis, at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37. Thus, post-Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. State v.Rutter, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061;State v. Delong, 4th Dist. No. 05CA815, 2006-Ohio-2753
at ¶ 7-8. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 13} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. State v.Polick (1995), 101 Ohio App.3d 428, 431; State v. Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v. Cyrus (1992),63 Ohio St.3d 164, 166; State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not *Page 5 
required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), State v.Woods, 5th Dist. No. 05 CA 46, 2006-Ohio-1342 at ¶ 19
("…R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).
 {¶ 14} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. State v.Middleton (Jan. 15, 1987), 8th Dist. No. 51545. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors.State v. Firouzmandi, 5th Dist No. 2006-CA-41,2006-Ohio-5823 at ¶ 52.
 {¶ 15} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978), 57 Ohio App. 2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Woosley, *Page 6 
supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. State v. Firouzmandi, supra.
 {¶ 16} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.
 {¶ 17} In the case at bar, appellant pled to two counts of sexual battery, felonies of the third degree in violation of R.C. 2907.03(A) (5). The sentencing range for a third degree felony is one, two, three, four, or five years. See R.C. 2929.14(A) (3). The trial court's imposition of three years on each count is within the statutory sentencing range, and as such, is a proper sentence.
 {¶ 18} Appellant further plead to one count of Gross Sexual Imposition, a felony of the fourth degree, in violation of R.C.2905.05(A) (5). The sentencing range for a fourth degree felony is six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. See R.C. 2929.14 (A) (4). The trial court's imposition of one year on this count is within the statutory sentencing range, and as such, is a proper sentence.
 {¶ 19} The trial court did not impose the maximum sentence authorized by statute for any of the counts to which appellant plead guilty. The trial court noted that appellant is the step-grandfather of the victim. The trial court further had evidence that *Page 7 
he was forty-six years old at the time and the victim was sixteen years old at the time. The trial court further noted that it reviewed the contents of the pre-sentence investigation report and the documents, including the police reports and witness statements contain within the trial court file. Further, the trial court received evidence that appellant is on numerous medications for diabetes, anger issues and depression. Appellant informed the trial court prior to sentencing that he was under the care of a psychiatrist. Further, the State dismissed two (2) counts of rape and one count of sexual imposition in exchange for appellant's pleas.
 {¶ 20} Upon a through review of the record, we are not persuaded that the trial court failed to properly consider the general sentencing guidance factors, and we hold the trial court's imposition of non-maximum consecutive sentences in this matter is not unreasonable, arbitrary or unconscionable.
 {¶ 21} Appellant's sole assignment of error is overruled. *Page 8 
 {¶ 22} For the forgoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.
 Gwin, J., Hoffman, P.J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1