OPINION
{¶ 1} Matthew Simmons appeals from his conviction and sentence following a guilty plea to one count of fourth-degree felony dog fighting in violation of R.C. § 959.16(A)(3).
 {¶ 2} In his sole assignment of error, Simmons contends the trial court erred in *Page 2 
imposing a six-month prison term when community control was consistent with the purposes of sentencing. He advances three arguments in support. First, he claims the trial court lacked authority to impose a prison term without first finding at least one factor present under R.C. § 2929.13(B)(1). Second, he argues that a prison term is contrary to the "seriousness" and "recidivism" factors in R.C. § 2929.12 as applied to him. Third, he contends the trial court failed to make a finding that community control sanctions are not consistent with the overriding purposes of sentencing.
 {¶ 3} Upon review, we find no merit in Simmons' first argument. The Ohio Supreme Court expressly addressed this issue in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. If a trial court does not make a finding under R.C. § 2929.13(B)(1), it must impose community control only if it determines that community control is consistent with the principles and purposes of sentencing. Id. at 22-23. On the other hand, "a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term." Id. In Simmons' case, the trial court did not make a finding that any of the R.C. § 2929.13(B)(1) factors were present. Nor did it find that community control was consistent with the principles and purposes of sentencing. Under these circumstances, the trial court retained discretion to impose a prison term. Id.
 {¶ 4} In his second argument, Simmons addresses the seriousness and recidivism factors found in R.C. § 2929.12. This statute gives a trial court discretion "to determine the most effective way to comply with the purposes and principles of sentencing." R.C. § 2929.12(A). When exercising its discretion, a trial court must consider various seriousness factors contained in divisions (B) and (C) and recidivism *Page 3 
factors identified in divisions (D) and (E) of R.C. § 2929.12. Some of the seriousness factors indicate that a defendant's conduct is more serious than conduct normally constituting the offense. Others indicate that a defendant's conduct is less serious. Likewise, some of the recidivism factors indicate that a defendant may be more likely to commit future crimes, whereas others suggest a reduced likelihood of re-offending. Although a trial court must consider the various factors found in R.C. § 2929.12, "there is no mandate for judicial fact-finding." Foster, 109 Ohio St.3d at 14. A trial court need not address the factors individually or even indicate which ones apply.State v. Herman, Licking App. No. 2007-CA-48, 2008-Ohio-842, ¶ 13. Its only obligation is to "consider" them.
 {¶ 5} Prior to imposing Simmons' sentence, the trial court stated that it had considered the principles and purposes of sentencing, as well as the seriousness and recidivism factors. It then imposed a six-month sentence, which is the minimum term for a fourth-degree felony. Simmons contends, however, that a full examination of the seriousness and recidivism factors demonstrates that community control was the proper sanction.
 {¶ 6} Upon review, we find Simmons' argument to be unpersuasive. "The appellate standard of review when reviewing a felony sentence is abuse of discretion. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the range permitted by the applicable statute." State v. Bailum, Clark App. No. 2007-CA-55, 2008-Ohio-2999, ¶ 5. In the present case, the trial court did not abuse its discretion by imposing the statutory minimum term of incarceration. Although Simmons entered a guilty plea as part of a negotiated plea agreement, the trial court apparently was not *Page 4 
impressed with his attitude, finding that he had "minimized" and had "taken no responsibility" for his actions. The trial court also observed that his conduct had no "valid purpose." We note too that Simmons had a 2001 felony conviction for unlawful sexual conduct with a minor, and he received community control for that offense. The trial court was aware of this prior conviction, which was addressed in Simmons' sentencing memorandum. The fact that Simmons previously received community control for a felony conviction certainly militates in favor of a prison sentence for his current conviction. We certainly cannot say that the trial court abused its discretion by imposing the statutory minimum term.
 {¶ 7} We are equally unpersuaded by Simmons' third argument. The trial court was not required to find community control inconsistent with the purposes of sentencing before imposing a prison term. Like Simmons' first argument, this one also implicates R.C. § 2929.13(B). If a trial court does find that a prison term, rather than community control, is consistent with the principles and purposes of sentencing and makes other specified findings, then it must impose a prison term.Foster, 109 Ohio St.3d at 22-23. Without making any findings under R.C. § 2929.13(B), however, a trial court retains the discretion to impose either a prison term or community control. Id. at 23. Therefore, Simmons has not shown any error in the trial court's sentence.
 {¶ 8} Based on the reasoning set forth above, we overrule his assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
 DONOVAN, J., and WALTERS, J., concur. *Page 1