OPINION
{¶ 1} Appellant Charles Gant appeals his conviction and sentence on four counts of rape. Appellant argues that the trial court should have allowed him to withdraw his guilty plea prior to sentencing, should only have sentenced him to the exact prison term recommended by the prosecutor, and should have followed the statutory guidelines for imposing consecutive sentences. The record reflects that the trial court carefully considered this Court's prior opinions concerning presentence motions to withdraw a plea, and that the trial court acted within its discretion in denying Appellant's motion. Appellant was also properly informed that the court could deviate from the prosecutor's recommendation concerning sentencing. The record further reflects that the trial court properly considered the statutory felony sentencing factors found in R.C. § 2929.12. Therefore, the judgment of the Mahoning County Court of Common Pleas is affirmed.
 HISTORY {¶ 2} Appellant was indicted on four counts of rape on June 12, 2003. The victim was a six-year old girl. The charges originally carried a life sentence, in that the victim was under ten years of age. See R.C. § 2907.02(B). The rapes were alleged to have occurred during November and December of 2001, January of 2002, and between February and December of 2002. After extensive plea negotiations, Appellant agreed on August 26, 2004, to plead guilty to four charges of rape as first degree felonies without a life sentence specification. The written plea agreement stated that each count carried a maximum possible prison term of ten years, and that a prison term was mandatory and was presumed necessary. A hearing was held and the court accepted the plea the same day. At the hearing, the prosecutor recommended an aggregate prison term of sixteen years, and noted that the victim agreed with that sentence. (8/26/04 Tr., p. 4.) Later in the hearing, the trial court explained that the prosecutor was only making a recommendation and that the court did not need to follow it. (8/26/04 Tr., pp. 11, 15.)
 {¶ 3} On September 8, 2004, Appellant filed a motion to withdraw his plea. A hearing was held on September 21, 2004, and the court denied Appellant's motion on September 22, 2004.
 {¶ 4} On October 14, 2004, the court held the sentencing hearing. The court announced from the bench that Appellant would serve five years in prison on each of the four counts, to be served consecutively.
 {¶ 5} On October 15, 2004, Appellant filed a motion for reconsideration of the sentence. Appellant asked that the court impose the sixteen-year sentence recommended by the prosecutor.
 {¶ 6} On October 20, 2004, the court filed its sentencing entry, which imposed the twenty-year prison sentence given following the sentencing hearing.
 {¶ 7} On October 25, 2004, the court overruled Appellant's motion for reconsideration.
 {¶ 8} On November 1, 2004, Appellant filed this timely appeal. Appellant has submitted three assignments of error.
 ASSIGNMENT OF ERROR NO. 1 {¶ 9} "The lower Court abused its discretion and improperly denied Appellant's motion to withdraw his pre-sentence guilty plea."
 {¶ 10} This assignment of error deals with Appellant's presentence motion to withdraw his guilty plea. A defendant may attempt to withdraw his or her plea by motion as set forth in Crim.R. 32.1: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} In State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, the Ohio Supreme Court held:
 {¶ 12} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." Id. at 527.
 {¶ 13} Thus, a presentence motion to withdraw a plea should be freely and liberally granted, but ultimately the decision is left to the discretion of the trial judge. An abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331.
 {¶ 14} This Court has set forth the following factors for the trial court to consider when ruling on a presentence motion to withdraw a plea:
 {¶ 15} "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Griffin (2001), 141 Ohio App.3d 551, 554,752 N.E.2d 310.
 {¶ 16} In reference to the ninth factor, i.e., whether the accused might not be guilty or might have a complete defense, this Court has held:
 {¶ 17} "The thrust of this consideration is not to force the trial judge to make a declaration about the defendant's guilt or innocence, but rather, to encourage the trial court to examine: 1) whether the defendant is actually claiming to be innocent, or whether the plea withdrawal request is based on a defense which has nothing to do with his or her innocence; 2) whether there are any reasons supporting the defendant's claim of innocence which arose subsequent to the time the defendant entered into the plea agreement; and 3) whether the defendant has any viable evidence or access to any viable evidence to support his or her innocence. In other words, the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v. Kramer, 7th Dist. No. 01-C.A.1-07, 2002-Ohio-4176, ¶ 58.
 {¶ 18} With respect to the first factor, the trial court found that the state would be prejudiced if the motion was granted because one of the state's witnesses was no longer available to testify. (9/21/04 Tr., p. 11.) The reason the witness could not testify was that she was indicted after Appellant had entered his plea, and the witness's testimony would now be restricted due to the Fifth Amendment right against self-compelled testimony. Appellant contends that this factor should not have been considered because the witness could actually have testified. Both Appellant's and Appellee's arguments are founded on speculation because no details were revealed about who this witness was, what her connection to the crime was, or what her testimony might have been. In his argument on appeal, Appellant appears to agree that if the witness did assert her Fifth Amendment rights, it might restrict at least part of the witness's testimony. This supports the state's claim that it would be prejudiced, at least to some degree, if Appellant's plea was withdrawn. Thus, we find no error in the trial court's finding.
 {¶ 19} The court also found that Appellant had adequate representation prior to the plea. (9/21/04 Tr., p. 12.) The court found that Appellant had an extensive plea hearing and was afforded the right and opportunity to present evidence in support of his motion to withdraw the plea. (9/21/04 Tr., pp. 12-13.) The court found the timing of the motion to be reasonable. The court ultimately determined that there were no reasons given to support the motion other than Appellant's change of heart. As explained earlier, a sudden change of heart is not a sufficient reason for granting the motion. Kramer, supra, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 50.
 {¶ 20} Appellant claims that his primary reason for wanting to withdraw his plea was that he tested negative for chlamydia, which is a sexually transmitted disease. There was some mention at the plea withdrawal hearing that the victim tested positive for chlamydia. (9/21/04 Tr., p. 10.) The implication appears to be that the test for chlamydia could possibly exonerate Appellant. The record reflects that the trial judge specifically asked Appellant if he knew about these test results prior to pleading guilty, and Appellant admitted that he did know. (9/21/04 Tr., p. 22.) It is clear that the trial judge considered Appellant's alleged reason for withdrawing his plea and concluded that Appellant entered his plea with full knowledge of the results of the test for chlamydia.
 {¶ 21} The trial court also found that Appellant understood the nature of the charges and the potential sentences prior to accepting the plea. (9/21/04 Tr., p. 15.) The court considered that Appellant was now claiming to be innocent; that he had nothing to support that claim; and that no circumstances had changed, other than Appellant's own change of heart, to justify changing the plea. The court found that these factors did not support granting Appellant's motion. Thus, it appears that the trial court carefully considered all the relevant factors relating to a presentence motion to withdraw a plea. There was no abuse of discretion in the trial court's analysis or ruling, and Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 22} "The lower Court abused its discretion in imposing a sentence not in accord with the Criminal Rule 11 agreement between the Appellant and the Appellee, and by not modifying the sentence imposed upon motion for reconsideration."
 {¶ 23} Appellant argues that the trial court should only have sentenced him to four years in prison per count instead of five years, and that it was an abuse of discretion to disregard the prosecutor's and the victim's recommendation for sentencing. Appellant concedes that the trial judge is not bound by the prosecutor's recommendation and that the ultimate sentence is up to the discretion of the trial court. "A trial court does not err by imposing a sentence greater than `that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" State v. Buchanan, 154 Ohio App.3d 250,2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13, quoting State v.Pettiford (Apr. 22, 2002), 12th Dist. No. CA2001-08-014. Crim.R. 11 does not contemplate that the defendant and the prosecutor will bargain for a specific punishment, given that the punishment is either established by statute or left to the discretion of the sentencing judge. State v. Mathews (1982), 8 Ohio App.3d 145,146, 8 OBR 202, 456 N.E.2d 539.
 {¶ 24} In this case, Appellant's plea agreement and his colloquy with the trial judge reveal that he was aware of the maximum possible sentences and that the trial judge was free to depart from the sentence recommended by the prosecutor.
 {¶ 25} Appellant is correct that a court should normally explain why it has refused to accept the prosecutor's recommended sentence. Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 109,399 N.E.2d 119. Nevertheless, "[i]n some cases * * * the facts themselves speak so eloquently that no statement by the judge is required." Id. In this case, Appellant repeatedly raped a six-year old girl over the course of many months. The record speaks clearly enough without the necessity that the trial court further explain why it deviated from the prosecutor's recommendation.
 {¶ 26} The trial court was aware that Appellant had not previously served a prison term and had been in the United States Marine Corps. The trial court was aware that the victim agreed that sixteen years in prison would be an appropriate prison term. The trial court was also aware that the original charges carried a life sentence, but that this was reduced to a maximum of ten years in prison per count due to the plea bargain. The trial court sentenced Appellant to half of the maximum possible prison term for each count, which was only one year more per count than was recommended by the prosecutor. There does not appear to be any abuse of discretion in the sentence imposed, and Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 {¶ 27} "The lower court erred by failing to properly consider all of the sentencing guideline factors at the sentencing hearing of the Appellant."
 {¶ 28} Appellant argues that the trial court failed to follow the felony sentencing guidelines found in R.C. § 2929.12. Appellee appears to believe that Appellant is specifically challenging his consecutive sentences, but Appellant's argument is more general than that. Appellant is appealing the overall factors that the court considered before imposing its sentence, rather than the specific factors relating to consecutive sentences.
 {¶ 29} A criminal defendant may appeal as a matter of right a sentence that is contrary to law. R.C. § 2953.08(A)(4). Appellant contends that the sentence does not satisfy the requirements of R.C. § 2929.12, which contains an extensive list of factors that the trial court considers prior to imposing a felony sentence:
 {¶ 30} "(A) Unless otherwise required by section 2929.13 or2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 31} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 32} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 33} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 34} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 35} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 36} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 37} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 38} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 39} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 40} "(9) If the offense is a violation of section 2919.25
or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 41} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 42} "(1) The victim induced or facilitated the offense.
 {¶ 43} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 44} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 45} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 46} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 47} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 48} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 49} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 50} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 51} "(5) The offender shows no genuine remorse for the offense.
 {¶ 52} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 53} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 54} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 55} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 56} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 57} "(5) The offender shows genuine remorse for the offense."
 {¶ 58} Appellant first argues that the trial court erred by expressing his personal feelings about the case during sentencing. Appellant does not specify what statements of the trial court constitute reversible error. Assuming arguendo that the judge did make such statements, it has been held that a trial judge is permitted to express personal outrage at the harm and tragedy that result from a crime. State v. Arnett (2000),88 Ohio St.3d 208, 220, 724 N.E.2d 793. Thus, there would not be any inherent error simply because the trial court expressed his personal feelings about the crime.
 {¶ 59} Appellant also refers to a number of specific factors that the court either failed to consider or considered improperly. It must first be noted that the trial court is presumed to have considered all the factors in R.C. § 2929.12, even if the record is silent:
 {¶ 60} "`A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' Statev. Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; accord State v. O'Dell (1989),45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227. Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." State v. Cyrus
(1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94.
 {¶ 61} Appellant argues that the trial court mistakenly found that Appellant had abused a position of trust. Appellant presumes that the trial court misread R.C. § 2929.12(B)(3), which states: "The offender held a public office or position of trust in the community, and the offense related to that office or position." The trial court, though, was referring generally to a relationship based on trust between Appellant and the victim. This is more related to the factor listed in R.C. §2929.12(B)(6): "The offender's relationship with the victim facilitated the offense." Based on this sentencing factor, rather than the one Appellant has referred to, the trial court did not err in considering the personal relationship between the defendant and the victim.
 {¶ 62} Appellant contends that the trial court failed to consider the mitigating factor that no physical harm was committed or intended to be committed against the victim. Appellant is referring to R.C. § 2929.12(C)(3), which states: "In committing the offense, the offender did not cause or expect to cause physical harm to any person or property." Appellant is mistaken as to the meaning of "physical harm" in this context. R.C. § 2901.01(A)(3) defines "physical harm" in this criminal context: "(3) `Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." Rape is obviously a physical crime against a person, and thus, the very act of committing it entails an amount of physical harm to a person, as well as a danger of more extensive physical harm. The legislative notes to R.C. § 2907.02
(the rape statute) state: "the acts contemplated include anal intercourse, cunnilingus, and fellatio in addition to vaginal intercourse, because any of such acts can result in serious physical or psychic harm to the victim when committed under circumstances amounting to rape." Additionally, the victim was a six-year old child, so there was clearly a threat of physical harm to the victim simply by virtue of her tender years. Appellant has not pointed to anything that would contradict the obvious inference that he intended to cause physical harm to a six-year-old child by repeatedly raping her over a long period of time.
 {¶ 63} Finally, Appellant argues that the trial court erred in refusing to find that Appellant had led a law-abiding life. This is listed as a mitigating factor in R.C. § 2929.12(E)(3). Appellant contends that "law-abiding life" means the same thing as a lack of criminal convictions. The trial court did not consider it as appropriate to conclude that a lack of criminal convictions was necessarily equivalent to living a law-abiding life. The trial court is correct. R.C. § 2929.12(E)(2) lists a separate mitigating factor relating to prior criminal convictions: "Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense." Obviously, there would be no need for a separate factor dealing with criminal convictions if "law-abiding life" also referred exclusively to "criminal convictions". The two phrases must have different meanings, thus necessitating two separate factors.
 {¶ 64} A person may violate criminal statutes numerous times and may never be charged with or convicted of those crimes. There is also a vast body of civil law that contains civil penalties, and violations of these laws would not result in a criminal record. Simply because the person has never been convicted of a crime does not signify that the person has led a law-abiding life. The phrase "law-abiding life" encompasses a broader range of fact patterns than is measured by simply counting up a person's criminal convictions, and the trial court was correct in treating it as a separate factor and in not equating "law-abiding life" with the lack of criminal convictions.
 {¶ 65} Appellant has not shown any error in the trial court's analysis of the factors listed in R.C. § 2929.12, and thus, Appellant's third assignment of error is overruled.
 {¶ 66} We are aware of the recent Ohio Supreme Court case ofState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, that ruled on the constitutionality of certain aspects of Ohio's felony sentencing statutes, and removed the requirement of judicial factfinding for imposing such things as maximum prison terms and consecutive prison terms. It is clear, however, that the issues presented in this assignment concern the general discretion of the trial court at sentencing, and Foster does not appear to be implicated in this appeal.
 CONCLUSION {¶ 67} In conclusion, Appellant has failed to demonstrate that his desire to withdraw his guilty plea constituted anything more than a change of heart, and thus, the trial court was within its discretion to overrule the motion to withdraw the plea. The trial court was also within its discretion to impose prison terms that were more severe than the sentence recommended by the prosecutor. Finally, the trial court properly considered the sentencing factors found in the R.C. § 2929.12. All three of Appellant's assignments of error are overruled, and the judgment of the Mahoning County Court of Common Pleas is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs in judgment only.