[Cite as *State v. Amos-Camacho*, 2017-Ohio-8049.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17CA03 |
| BOBBI L. AMOS-CAMACHO | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Criminal appeal from the Holmes County
Court of Common Pleas, Case
No.16CR079

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:   October 2, 2017

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

SEAN WARNER         DAVID HUNTER
Prosecuting Attorney       244 West Main Street
164 East Jackson Street      Loudonville, OH  44842
Millersburg, OH 44654

*Gwin, P.J.*

{¶1}  Appellant Bobbi L. Amos-Camacho appeals her maximum sentence after a guilty plea in the Holmes County Court of Common Pleas.

*Facts and Procedural History*

{¶2}  On November 21, 2016, a Holmes County Grand Jury returned an Indictment against Appellant alleging Murder in violation of R.C. 2903.02(B), R.C. 2903.02(D) and R.C. 2929.02(B).  The specific allegations were that Appellant, on or about November 12, 2016, did cause the death of James L. Rowe, Jr., as a proximate result of her committing or attempting to commit an offense of violence that is a felony of the first or second degree, to wit: Felonious Assault, R.C. 2903.11.

{¶3}  On March 1, 2016, Appellant entered a negotiated guilty plea to the reduced charge of Voluntary Manslaughter in violation of R.C. 2903.03 (A) and (C), a felony of the first degree that carried a potential penalty of eleven years in prison and a $20,000.00 fine.

{¶4}  The prosecutor at Appellant's sentencing hearing read the underlying facts into the record.

{¶5}  On November 12, 2016, Appellant and James Rowe, Jr. were living together. The pair had previously been married and divorced and they had got back together approximately ten months prior to November 2016.  The relationship has always been highly volatile.

{¶6}  On November 12, 2016, both the Appellant and James Rowe, Jr. were heavily drinking and arguing for most of the day.  At approximately 10:30 p.m. that evening the pair were alone together in the kitchen/mud room area of the rental house and at that

time Appellant stabbed James Rowe, Jr. three times with a steak knife. He was stabbed two times in the upper left chest and stabbed on the upper left arm. The deepest chest wound resulted in his death. It severed the subclavian vein, which is a large vein that runs underneath your clavicle about the size of a small finger. He also had a punctured lung. The victim bled out both internally and externally. He died before he could be transported. There is no evidence to suggest that James Rowe, Jr. was armed with any type of a weapon. The prosecutor further stated,

> The evidence would show if it went to trial that, as I said they were both drinking all day, um, over the legal limit, arguing, threats were made by the Defendant to James Rowe, Jr. There had been physical altercations, confrontations on at least two (2) occasions leading up to the fatal stabbing. Uh, the [Appellant] was found to have marks, bruising on her arms and neck. Um, there were witnesses to much of what led up to the fatal stabbing but there was no witness to the actual stabbing itself in the last thirty (30) to sixty (60) seconds prior to that time. The [Appellant] when interviewed at the jail by detectives eventually admitting to stabbing James Rowe, Jr. claimed that he came at her uh, and there had been a prior physical assault that day. However this admission did not take place until after several hours of questioning and was in direct contradiction to her original statements to 911, the Sheriff's department and others at the scene that James Rowe, Jr. had cut himself while sharpening a knife uh, and basically those are the facts of the incident."

Sent. T. 7-8. The state argued,

We believe at trial, had we gone to trial and Mr. Johnson talked about the evidence somewhat, that we would have been able to prove that Jimmy Rowe was trying to leave the Defendant at the time he was stabbed; physically leave the house and leave with his son William to go and stay at his parent's house. And she did not want that and she became aggressive and angry and both of them fueled by the alcohol there was threats that, that the son William would testify about that the Defendant made to Jimmy uh, that there's physical confrontation when she was trying to prevent him from leaving and he was pushing her away. That's how those bruises occurred and that she was the aggressor. And there was no reason why other than anger, passion and alcohol why he had to be stabbed that day when he was trying to leave.

Sent. T. at 13.

{¶7} The trial court reviewed photographs showing Appellant's injuries, reviewed Appellant's prior prison history and heard from five individuals who spoke on the victim's behalf. The Court sentenced Appellant to eleven years in prison.

*Assignment of Error*

{¶8} Appellant raises one assignment of error,

{¶9} "I. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR HER FELONY CONVICTION."

*Law and Analysis*

{¶10} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22;

*State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or the sentence is otherwise contrary to law. See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28

{¶11} Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶12} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it is to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

### *R.C. 2929.13(B).*

{¶13} R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Appellant pled to a felony of the first degree that carries a presumption of prison time. Thus, R.C. 2929.13(B) is not applicable to this case.

### *R.C. 2929.13(D).*

{¶14} R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable.

{¶15} R.C. 2929.13(D)(1) provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. 2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court *may* impose a community control sanction," (emphasis added), but only if the sentencing court finds that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors.

{¶16} Thus, in order to impose a community control sanction in the instant case, the trial court would have been required to find that such a sanction would adequately punish Appellant, that Appellant was less likely to re-offend, and that such a sanction would not demean the seriousness of the offense because Appellant's conduct was less serious than conduct normally constituting the offense. *State v. Morin*, 5th Dist. Fairfield No. 2008–CA–10, 2008-Ohio-6707, 2008 WL 5265857, ¶ 27.

{¶17} In the case at bar, the trial court stated,

Under recidivism, I find the Defendant does have a lengthy criminal history, both misdemeanor and felony and I believe the Defendant has a

prior conviction that resulted in a probation violation and incarceration at a State prison institution.  Under recidivism less likely the court finds none.  Um, because this is a felony of the first degree, pursuant to Ohio Revised Code Section 2929.13(D) there is presumption in favor of prison.  The presumption has not been overcome.  Under the risk reduction uh, the court does not recommend a risk reduction sentence Uh, and the court does not find that it is appropriate.  Um, the court does not recommend the Offender seek a risk reduction sentence and I will inform you that if I'm still here and I get a letter from the parole board I will do everything to keep you in prison.  Everything.

Sent. T. at 21-22.   Accordingly, the trial court weighed and considered R.C. 2929.13(D) in Appellant's case and found the Appellant failed to overcome the presumption of imprisonment.

### R.C. 2929.14 (B)(2)(e).

{¶18} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances.  Appellant was not given an additional prison sentence.

### R.C. 2929.14 (C)(4) Consecutive Sentences.

{¶19} This factor is not applicable to Appellant's case.

### R.C. 2929.20.

{¶20} R.C. 2929.20 (I) is inapplicable, as Appellant was not applying to the court for judicial release.

### R.C. 2929.11 and R.C. 2929.12 and Maximum Sentences.

**{¶21}** A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

**{¶22}** The *Marcum* court further noted,

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

**{¶23}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶24}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶25}** In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823.

**{¶26}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶27}** Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist.

No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶28} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

{¶29} In the case at bar, the trial court heard from the victim's father and mother and three additional witnesses on the victim's behalf. The Court received and reviewed the photographs Appellant submitted of her injuries taken several days after the incident. The trial court further reviewed Appellant's previous convictions and prison sentences.

{¶30} In the case at bar, the record shows that the trial court considered all relevant factors, including the harm caused to the victim and that the Appellant's relationship to the victim facilitated the offense.

{¶31} Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when

determining an appropriate sentence.  [R.C. 2929.12].

{¶32} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes.  The sentence was within the statutory sentencing range.  Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post-release control.  Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court.  While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range for a felony of the first degree and therefore, we have no basis for concluding that it is contrary to law.

{¶33} Appellant's sole assignment of error is overruled.

{¶34} The judgment of the Holmes County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur